UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLIFTON HUNT,

        Plaintiff,

   v.

JOSEPH NOETH, *et al.*,

        Defendants.

20-CV-1249-LJV
ORDER

---

The *pro se* plaintiff, Clifton Hunt, is a prisoner confined at the Attica Correctional Facility ("Attica"). He alleges that his constitutional rights were violated when Attica officials refused to provide him a soy-free diet and temporarily prevented his son from visiting him at Attica. *See* Docket Item 15 (second amended complaint).

On August 12, 2022, this Court screened Hunt's second amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and found that his retaliation claim against Patricia Ciulla, the Attica Deputy Warden, and his inadequate medical care claim against Jadow Rao, the attending physician at Attica, could proceed to service. Docket Item 17. Ciulla then moved to dismiss the second amended complaint, Docket Item 22, and Ciulla's counsel filed a suggestion of death for Dr. Rao, Docket Item 23.

Hunt then moved to amend his complaint, Docket Item 26, and about four months later, he filed a proposed third amended complaint, Docket Item 36. Hunt also moved for an extension of time to file materials in support of his proposed third amended complaint, Docket Item 37, and he asked the Court to appoint counsel to represent him, Docket Item 28.

For the reasons that follow, the Court treats Hunt's proposed third amended complaint, Docket Item 36, as a renewed and separate motion to amend ("second motion to amend"), and it denies Hunt's earlier motion to amend, Docket Item 26, as moot. Hunt's motion for an extension of time to file materials in support of the second motion to amend is granted, and those materials are due within 45 days of the date of this order. Ciulla shall respond to Hunt's second motion to amend as directed below.

Hunt's request for the appointment of counsel is denied without prejudice. Finally, Hunt must show cause, within 45 days of the date of this order, why his claims against Dr. Rao should not be dismissed.

## I.   MOTION TO AMEND AND MOTION TO DISMISS

After Ciulla moved to dismiss the second amended complaint, Docket Item 22, Hunt "request[ed] to amend [his] complaint to add Correction[] Law § 138(1) and (5)." Docket Item 26. On February 27, 2023, Ciulla opposed Hunt's motion to amend. Docket Item 29. Hunt then asked for two extensions of time to reply in further support of his motion to amend, Docket Items 32 and 34, and this Court ultimately extended his time to reply until May 17, 2023, Docket Items 33 and 35.

Instead of replying in further support of his first motion to amend, however, on May 17, 2023, Hunt filed a proposed third amended complaint. Docket Item 36. The proposed third amended complaint alleged violations of New York Correction Law § 138(1) and (5), *id.* at 19; it also included a number of entirely new claims, *see, e.g., id.* at 17-18. Shortly after he filed the proposed third amended complaint, Hunt requested an extension of time to "file a memorandum of law in support of his amended complaint"

2

and to "file a sworn affidavit in support of his amended complaint . . . from his son." Docket Item 37 (capitalization removed).

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend his complaint "once as a matter of course within[] 21 days after serving it" or "21 days after service" of an answer or "a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1). "In all other cases, a [plaintiff] may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Because Hunt filed his proposed third amended complaint more than 21 days after Ciulla was served with the second amended complaint and more than 21 days after Ciulla moved to dismiss the second amended complaint under Rule 12(b)(6), Hunt either had to obtain "the opposing party's written consent or the court's leave" to amend. *Id.* Hunt did not do so. This Court therefore will treat Hunt's proposed third amended complaint as a second motion to amend his complaint. And because Hunt's proposed third amended complaint includes both the claims that he sought to include in his first motion to amend as well as entirely new claims, his first motion to amend is denied as moot.[1]

Hunt's motion for an extension of time to file materials in support of his second motion to amend, Docket Item 37, is granted. Hunt may file a memorandum in support of his second motion to amend, as well as anything else that he wants the Court to consider in deciding that motion, within 45 days of the date of this order.

---

[1] Hunt is advised that he must comply with the Federal Rules of Civil Procedure if he seeks further leave to amend his complaint.

Ciulla's response to the second motion to amend is due no later than 30 days after Hunt's materials are filed. In her response, Ciulla should say how Hunt's proposed third amended complaint affects the arguments in her motion to dismiss. *See, e.g.*, *Costello v. Town of Huntington*, 2015 WL 1396448, at *1 (E.D.N.Y. Mar. 25, 2015) (evaluating "the merits of [the] motion [to dismiss] in light of the allegations in the proposed Amended Complaint"). The Court will set a deadline for Hunt to reply in further support of his motion to amend after Ciulla responds to the motion.

## II.     SUBSTITUTION FOR DR. RAO

On December 29, 2022, defense counsel for Ciulla filed a suggestion of death noting that Dr. Rao died on January 3, 2021. Docket Item 23. Federal Rule of Civil Procedure 25(a) provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "[P]roper parties to substitute include a representative of the deceased party's estate, or the successor of the deceased party." *Kim H. v. Comm'r of Soc. Sec.*, 2022 WL 3580125, at *2 (W.D.N.Y. Aug. 19, 2022) (citation and internal quotation marks omitted).

On January 4, 2023, this Court advised Hunt that if he "wishe[d] to proceed with his claims against Dr. Rao, he [] must file a timely motion to substitute" or "request an extension of time to do so." Docket Item 24. The Court also advised Hunt that he may be eligible for help in filing a motion to substitute from the Pro Se Assistance Program and mailed him a referral to that program. *Id.*

4

Although Hunt's proposed third amended complaint includes claims against Dr. Rao, *see* Docket Item 36, Hunt has not moved to substitute anyone in place of Dr. Rao, and more than 90 days have elapsed since defense counsel filed the suggestion of Dr. Rao's death on the record.  *See* Docket Item 23.  Under Rule 25(a), Hunt's claims against Dr. Rao therefore are subject to dismissal.  Within 45 days of the date of this order, Hunt must show cause why his claims against Dr. Rao should not be dismissed under Rule 25.  Hunt may do so by moving to substitute a defendant for Dr. Rao, or moving for an extension of time to do so, and showing "excusable neglect."  *See Cooper v. Sheahan*, 2022 WL 2974029, at *6 (W.D.N.Y. July 27, 2022) ("For a motion [to substitute] made after the 90-day period has run, . . . the court may extend the time upon a finding of 'excusable neglect.'"); *see also id.* ("The factors a court must consider include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."); *see generally Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (noting that a court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights").

### III.    MOTION TO APPOINT COUNSEL

Hunt also has asked this Court to appoint counsel for him.  Docket Item 28.  In deciding whether to appoint counsel, courts first assess the plaintiff's likelihood of success on the merits of his claim.  *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).  If the claim meets this threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents," the

"plaintiff's apparent ability to present the case," whether the "appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination," and the plaintiff's "efforts to obtain counsel." *Id.* at 61.

Hunt says that he needs counsel because he has experienced difficulties in accessing the law library at Attica. *See* Docket Item 28. More specifically, Hunt says that he received "special access" to the law library to respond to Ciulla's motion to dismiss, Docket Item 26, but that Attica correction officers did "not honor[ his] special access request to the law library," Docket Item 28 at 1 (capitalization removed).

Although the Court recognizes those difficulties, they do not bear on the threshold requirement for the appointment of counsel—that is, Hunt's likelihood of success on the merits of his claims. What is more, Ciulla has moved to dismiss Hunt's claims against her, and Hunt's claims against Dr. Rao are subject to dismissal for the reasons stated above.[2] At this stage of the proceedings, this Court cannot conclude that Hunt is likely to succeed on the merits of his claims, and his motion for the appointment of counsel therefore is denied without prejudice. *See Hodge*, 802 F.2d at 60-61; *see also Phelan v. Sullivan*, 541 F. App'x 21, 25 (2d Cir. 2013) (summary order) (affirming denial of motion to appoint counsel because the plaintiff "had not demonstrated that his claims were likely to succeed on the merits").

---

[2] As noted above, this Court sent Hunt a referral to the Pro Se Assistance Program for possible assistance with moving to substitute a defendant for Dr. Rao. Docket Item 24. In his motion to appoint counsel, Hunt did not discuss that referral or otherwise mention a motion to substitute a defendant for Dr. Rao; instead, he requested the appointment of counsel because Attica correction officers "are using subtle acts to" cause Hunt to "inadvertently forfeit . . . important rights." Docket Item 28 at 3.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Hunt's request for the appointment of counsel, Docket Item 28, is DENIED without prejudice; and it is further

ORDERED that Hunt's first motion to amend his complaint, Docket Item 26, is DENIED as moot; and it is further

ORDERED that Hunt's proposed third amended complaint, Docket Item 36, is converted into a second motion to amend; and it is further

ORDERED that Hunt may file a memorandum of law in support of that motion, and any other supporting materials, within 45 days of the date of this order; and it is further

ORDERED that Ciulla shall respond to Hunt's motion to amend within 30 days of the date that Hunt files those supporting materials; and it is further

ORDERED that Hunt shall show cause, within 45 days of the date of this order, why his claims against Dr. Rao should not be dismissed under Rule 25(a).

SO ORDERED.

Dated:   June 5, 2023
         Buffalo, New York

                              /s/ Lawrence J. Vilardo
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE